UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAZMINE IMAN ROBERTS,

                          Plaintiff,

          -against-

AMTRACK RAILROAD COMPANY; PETE
BUTTIGIEG, SECRETARY OF
TRANSPORTATION,

                          Defendants.

23-CV-8093 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated her rights. Plaintiff sues "Amtrack Railroad Company," which the Court understands to be Amtrak, also known as the National Railroad Passenger Corporation, and United States Secretary of Transportation Pete Buttigieg. By order dated September 14, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

**STANDARD OF REVIEW**

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jazmine Iman Roberts brings her claims using the court's general complaint form. She checks the box on the form to invoke the Court's federal question jurisdiction. In response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff states, "I'm not sure. All that I say to the court is my rights were violated as a human being, resident or national of the United States, single woman and a consumer." (ECF 1, at 2.)

The following allegations are taken from the complaint. On September 6, 2023, Plaintiff went to the Amtrak station in Manhattan to take a train to Washington, D.C. The customer service representative told Plaintiff that her "consumer rewards online account couldn't be accessed with [her] email." (*Id.* at 5.) Plaintiff requested to speak to a manager or supervisor "and this employee concurred." (*Id.*)

Plaintiff boarded the train, went to the food car, and then began searching for "a dis[]ability seat." (*Id.*) There was no disability seat available, and when Plaintiff asked an employee about the process of getting such a seat, the employee "[e]xplained to [her] that there was a p[a]rticular price or designation for a dis[]ability seat besides having a dis[a]ability discount." (*Id.*) The employee scanned Plaintiff's ticket and they proceeded to seating section for people with disabilities. Plaintiff and the employee "experienced a mis-communication or confrontation" and the employee's "voice became raised then [Plaintiff's] voice became raised in regard to the dis[]ability designated seating area and satisfying qualifications." (*Id.* at 6.)

The employee informed Plaintiff that she would be "removed from the train" at the next stop and Plaintiff chose a seat in the disability seating section. When the train reached New Jersey, "the New Jersey Police Department officials requested hostilly to remove [Plaintiff] from the train [and she] obliged." (*Id.*)

Plaintiff described her injuries as being subjected to "[p]syhological abuse" and being removed from a train after she paid $144.90 for a ticket. (*Id.* at 8.)

Plaintiff seeks a refund for ticket and "psychological abuse compensation." (*Id.*)

## DISCUSSION

### A.   Title II of the Americans with Disabilities Act

The Court liberally construes the complaint as attempting to assert claims under Title II of the Americans with Disabilities Act of 1990 ("ADA"). Title II provides that no person shall be

excluded from participation in or be denied the benefits of a public entity by reason of a disability. *See* 42 U.S.C. § 12132.[1]

To state a claim under Title II of the ADA, a plaintiff must allege that she has a qualified disability, that the defendant is subject to the statute, and that she was denied access to covered services, programs, or activities because of her disability. *See McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). In other words, the plaintiff must allege that her mistreatment "was motivated by either discriminatory animus or ill will due to disability," because the purpose of the ADA is "to ensure evenhanded treatment between the disabled and the able-bodied." *Feliz v. City of New York*, No. 18-CV-5023 (PAE) (SN), 2019 WL 6831552, at *9 (S.D.N.Y. Aug. 5, 2019) (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Bklyn.*, 280 F.3d 98, 112 (2d Cir. 1998)), *report and recommendation adopted*, 2019 WL 4386017 (S.D.N.Y. Sept. 13, 2019).

The ADA defines a disability as "[a] physical or mental impairment that substantially limits one or more major life activities . . . or being regarded as having such an impairment." 42 U.S.C. § 12102(1)(a-c). The statute requires that disabled individuals receive "reasonable accommodations" that allow them to have access to and take a meaningful part in public services. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273-74 (2d Cir. 2003).

Here, Plaintiff alleges that she sought "a dis[]ability seat" and suggests that she may have received a disability discount, but she does not state the nature of her disability.[2] Plaintiff alleges

---

[1] Plaintiff's claims may also implicate the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits disability-based discrimination in federally funded programs. *See Bryant v. N.Y. Educ. Dep't*, 692 F.3d 202, 216 (2d Cir. 2012). Claims under the ADA and the Rehabilitation Act are analyzed similarly. *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).

[2] The Court notes that Amtrak is subject to the ADA and Rehabilitation Act. *See* 42 U.S.C. § 12131(1)(C) (defining the National Railroad Passenger Corporation as a "public entity" under the ADA); *Disabled in Action of PA v. Nat'l Passenger R.R. Corp.*, 418 F. Supp. 2d 652, 656 (E.D. Pa. June 17, 2005) ("Amtrak is defined as public entity subject to Title II of the ADA . . . and agrees that it is subject to the Rehabilitation Act." (citing 42 U.S.C. § 12131(1)(C))).

that she was looking for a seat designated for people with disabilities, and then had a "mis-communication or confrontation" with an Amtrak employee regarding the "designated seating area and satisfying qualifications." (ECF 1, at 6.) Plaintiff and the employee raised their voices, and Plaintiff was removed from the train at the next stop, which was in New Jersey. Even if the Court assumes that Plaintiff has a disability as defined by the ADA, it is unclear whether Plaintiff was denied access to services, programs, or activities because of her disability.

The Court therefore grants Plaintiff leave to file an amended complaint alleging additional facts in support of an ADA claim. If Plaintiff files an amended complaint, she must allege facts suggesting that she has a disability as defined by the ADA, and that Defendants denied her access to services, programs, or activities due to discriminatory animus or ill will because of her disability.

**B.      Claims Against Pete Buttigieg**

Plaintiff also appears to sue United States Secretary of Transportation Pete Buttigieg in his official capacity.[3] The Court must dismiss Plaintiff's claims against Buttigieg in his official capacity under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as a federal agency or federal officer, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official

---

[3] As Secretary of Transportation, Buttigieg sits on the board of directors of Amtrak. *See* 49 U.S.C. § 24302 (a)(1)(A).

capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1). "The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). The Court liberally construes Plaintiff's claims against Buttigieg as claims under the FTCA brought against the United States.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain her claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See Id.* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood*

*Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong*, 575 U.S. at 420.

To the extent that Plaintiff asserts claims for damages under the FTCA, she has not alleged facts demonstrating that she filed an administrative claim under the FTCA with a federal government entity for damages and subsequently received a final written determination before bringing this action. She has also not alleged facts showing that it has been more than six months since she has filed such an administrative claim. Accordingly, any claims for damages that Plaintiff wishes to pursue against the United States of America in this action are not permissible under the FTCA, and the Court dismisses those claims under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3).

**C.    State Law Claims**

To the extent Plaintiff is seeking to assert claims under state law, she does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of such claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation

omitted). In addition, for diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). Because Plaintiff is a resident of New York, and she alleges that Amtrak maintains its headquarters in Washington, D.C., she has likely alleged that diversity of citizenship exists between her and Amtrak.[4] Plaintiff does not, however, allege sufficient facts to show that her claim is worth in excess of $75,000. For relief, she seeks a refund of her ticket, which she alleges cost $144.90. She also seeks an unspecified amount of money in "psychological abuse compensation." (ECF 1, at 8.) Based on the allegations in the complaint, however, the Court is unable to conclude that Plaintiff can assert a viable state law claim worth in excess of the balance of $74,855 necessary to meet the jurisdictional threshold.

If Plaintiff chooses to assert state law claims under the court's diversity of citizenship jurisdiction in her amended complaint, she must allege facts demonstrating that she and the defendants are citizens of different states and that her claim is worth in excess of the $75,000 jurisdictional minimum.

If Plaintiff's amended complaint does not allege facts demonstrating that the court has diversity of citizenship jurisdiction, and the amended complaint fails to state a claim under federal law, the Court will decline to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

---

[4] The Court notes that Amtrak is incorporated under the laws of the District of Columbia. *See Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 385 (1995).

343, 350 n.7 ("[W]hen federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

**D.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the ADA or state law claim under the Court's diversity of citizenship jurisdiction, the Court grants Plaintiff 60 days' leave to amend the complaint to detail her claims.

The Court grants Plaintiff leave to amend her ADA claims against Amtrak and any claims under state law. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c) a description of the injuries Plaintiff suffered; and

   d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her rights under state or federal law and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

If Plaintiff chooses to assert state law claims under the court's diversity of citizenship jurisdiction in her amended complaint, she must allege facts demonstrating that she and the defendants are citizens of different states and that her claim is worth in excess of the $75,000 jurisdictional minimum.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against Pete Buttigieg under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-8093 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be

dismissed for the reasons set forth in this order and the Court will decline to exercise

supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     October 16, 2023
           New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____            ____ Civ. _____ ( ____ )
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*            **AMENDED
COMPLAINT**

          -against-

_____            Jury Trial:   □ Yes      □ No
_____                                    (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your
         identification number and the name and address of your current place of confinement. Do the same
         for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff         Name _____
                  Street Address _____
                  County, City _____
                  State & Zip Code _____
                  Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a
         government agency, an organization, a corporation, or an individual. Include the address where
         each defendant may be served. Make sure that the defendant(s) listed below are identical to those
         contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions    ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

*Rev. 12/2009*    2

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

_____

What happened to you?

_____

_____

_____

Who did what?

_____

_____

_____

Was anyone else involved?

_____

_____

Who else saw what happened?

_____

_____

_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address      _____

_____

_____

Telephone Number      _____

Fax Number *(if you have one)*      _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:      _____

Inmate Number      _____

*Rev. 12/2009*                                    4